By the Court :
The plaintiff below sued the city of Piqua by her next friend forjan injury received by reason of a certain bridge in the city being out of repair, and recovered damages. The bridge was over a natural stream of water, buUnot on a state or county road, free turnpike, improved road, abandoned turnpike or plank road, in common public use. It was simply on a street that had been laid out and established for the use and convenience of the municipality. The city for a defense, claimed that, under section 860, Revised Statutes, as amended February 8, 1894 (91 Laws, 19), it was the duty of the commissioners of the county to keep the bridge in repair, as it received no portion of the bridge fund; *164 and that it cannot, for this reason, he made liable to any one for the bridge being out of repair. The court below held otherwise. We are of the opinion that there is no error in the judgment. The amended section reads as follows:
‘ ‘Section 860. The commissioners shall construct and keep in repair all necessary bridges over streams and public canals on all state and county roads, free tu/rnpikes, improved roads, abandoned turnpikes and plank roads in common public use, except only such bridges as are wholly in such cities and villages having by law the right to demand, and do demand and receive, part of the bridge fund levied upon property within the same; and when they do not demand and receive said portion of bridge tax the commissioners shall construct and keep in repair all bridges in such cities and villages. Provided, that in all cases, except counties containing a city of the first grade of the first class, the granting of the demand, made by any city or village for its portion of the bridge tax, shall be optional with the said board of commissioners. ” (The italics are ours for the purpose of indicating important words.)
It was not, as we think, intended by this amendment to extend the duty of county commissioners to the construction or repair of bridges which before the amendment they were not required in any case to construct or keep in repair. The phrase “all bridges” employed in the amendment, simply relates to and includes all the necessary bridges over streams and public canals, on all state and county roads, etc., first enumerated in the section, being the bridges that it is the general duty of county commissioners to construct and keep in repair, except where a city or village receives a por *165 tion of the bridge fund authorized to be raised by section 2824, Revised Statutes; and the only change intended by the amendment was to give an option to the commissioners to allow or not, a demand made by a city for a portion of the bridge fund, except in counties having a city of the first grade of the first class. In so construing this amendment, we but follow an established rule of construction, which requires the intent of a statute to be gathered from all the language employed, in connection with its apparent object and purpose; and, in doing this, it not infrequently happens, that words of a general sense must be restrained to a more limited one, or the real intention of the legislature will be defeated.

Judgment affirmed.